16-2118-cr
*Russo v. United States*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of June, two thousand seventeen.

PRESENT:     JOSÉ A. CABRANES,
             GERARD E. LYNCH,
                     *Circuit Judges*,
             PAUL G. GARDEPHE,*
                     *District Judge*.

ANTHONY RUSSO,

                 *Petitioner-Appellant*,                          16-2118-cr

                 v.

UNITED STATES OF AMERICA,

                 *Respondent-Appellee*.

**FOR PETITIONER-APPELLANT:**            ELLEN B. RESNICK (Alan S. Futerfas, *on the brief*), Law Offices of Alan S. Futerfas, New York, NY.

---

* Judge Paul G. Gardephe, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR RESPONDENT-APPELLEE:** ELIZABETH GEDDES (Amy Busa, *on the brief*), Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Brian Cogan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**, and, construing petitioner's papers as a new or renewed motion for authorization to file a successive motion for relief under 28 U.S.C. § 2255, the motion is **DENIED**.

Despite having his motion for authorization to file a second or successive motion in a district court for habeas corpus relief pursuant to 28 U.S.C. §§ 2244 and 2255(h) denied by this Court in 2013, petitioner-appellant Anthony Russo filed precisely such a motion in the District Court on January 6, 2015. In light of 28 U.S.C. §§ 2244 and 2255(h) and Russo's lack of authorization from this Court to file such a motion—indeed, this Court's express denial of such authorization in 2013—the District Court denied the motion. This appeal followed. We assume the parties' general familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Russo requests that we construe his appeal as a motion for authorization to file a second or successive § 2255 motion. Doing so, we conclude that granting Russo such authorization is unwarranted. As an initial matter, the Government contends that our 2013 order denying such authorization also resolves this appeal because the putative "newly discovered evidence" upon which Russo's claim of actual innocence relies was already presented, in substantial and material part, in Russo's 2013 application. That argument is not without some force, but we need not rely on it in disposing of Russo's current application.

Assuming that our 2013 order does not of itself resolve the current application, and assuming further that Russo's cited evidence constitutes "newly discovered evidence" within the meaning of § 2255(h)(1), we conclude that Russo has not demonstrated that, if proven and viewed in light of the evidence as a whole, it would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the underlying offenses. For the same reason, Russo has not stated a valid freestanding innocence claim, as he has failed to satisfy even the most lenient actual innocence standard, which requires a movant to demonstrate that, "in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also id.* at 555 (stating that, even assuming that a petitioner may assert a freestanding actual innocence claim, he must make an "extraordinarily high" threshold showing, and

2

"at the least" offer "more convincing proof of innocence than [under] *Schlup*" (quoting *Herrera v. Collins*, 506 U.S. 390, 417 (1993))). Accordingly, we identify no error in the District Court's dismissal of Russo's petition.

## CONCLUSION

We have reviewed all of the arguments raised by Russo on appeal and find them to be without merit. Accordingly, the order of the District Court is **AFFIRMED**, and, construing petitioner's papers as a new or renewed motion for authorization to file a successive motion for relief under 28 U.S.C. § 2255, the motion is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3